United States District Court
Southern District of Texas
**ENTERED**
May 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDEN MARIN PORTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-542 |
| | § | |
| | § | |
| FACILITY ADMINSTRATOR, PORT ISABEL SERVICE PROCESSING CENTER, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**TEMPORARY RESTRAINING ORDER**

Petitioner Eden Marin Portillo is a national of Honduras currently detained by U.S. immigration authorities at the Port Isabel Service Processing Center in Cameron County, Texas. (*See* Emergency Pet., Doc. 1) Portillo has protection from removal to Honduras. (*See id.* at 1)

In a Verified Petition and an accompanying motion for a temporary restraining order, Petitioner alleges that Respondents intend to remove him imminently to Mexico and he asserts that doing so would violate his statutory and constitutional rights. (*Id.*; Motion, Doc. 2) He alleges that Respondents have not inquired as to his fear of removal to Mexico, and that he fears such removal due to concerns of chain refoulment.

On May 14, 2026, the Court issued a Temporary Restraining Order to maintain the status quo, set to expire on May 28. (Order, Doc. 7) The Court scheduled a hearing in the matter for May 27, but on that date, the Court found good cause to reschedule the hearing to June 10. (Order, Doc. 15) In light of the rescheduled hearing, the Court finds that good cause exists to extend the current Temporary Restraining Order to preserve the status quo pending consideration of the parties' arguments.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a

federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978). The Court finds that in the present case, maintaining the status quo is required to afford the parties the ability to develop a fuller record for the Court to consider the arguments of the parties, and to prevent immediate and irreparable injury.

Accordingly, based on the Court's inherent powers and pursuant to Federal Rule of Civil Procedure 65, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioner Eden Marin Portillo during the effective dates of this Temporary Restraining Order; and

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Eden Marin Portillo outside of the Southern District of Texas during the effective dates of this Temporary Restraining Order;

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) on June 11, 2026, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on May 27, 2026, at 1:30 p.m. (central standard time) in Brownsville, Texas.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge