United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDEN MARIN PORTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-542 |
| | § | |
| | § | |
| FACILITY ADMINSTRATOR, PORT ISABEL | § | |
| SERVICE PROCESSING CENTER and | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondents. | § | |

## ORDER

The Court has reviewed Petitioner Eden Marin Portillo's motion to amend the Court's previous judgment. (Mot., Doc. 22). For the following reasons, the Court finds that Petitioner has not demonstrated entitlement to the requested relief.

Petitioner is a Honduran national with withholding of removal as to Honduras. (*See* Pet., Doc. 1) Petitioner previously challenged Respondents' plan to remove him to a third country, seeking injunctive relief and challenging his re-detention on constitutional and regulatory grounds. (*See* Mot. for TRO, Doc. 2)

After receiving briefing from the parties, the Court held a hearing on Petitioner's request for injunctive relief. The Court then entered a Permanent Injunction requiring Respondents to comply with specified procedures before removing Petitioner to a third country. (Permanent Injunction, Doc. 20)

Petitioner now requests that the Court address his causes of action based on constitutional grounds and that challenged the procedures that Respondents employed to re-detain him and the validity of his ongoing detention. He also contends he "did not personally receive Dkt. 11 [Respondents' Motion to Dismiss], Dkt. 12 [Respondents' Motion to Intervene], or the exhibits before the June 10 hearing." (Mot., Doc. 22, 5) As a result, he argues, he did not receive proper

notice of those filings, representing a violation of his rights under the Due Process Clause of the Fifth Amendment.

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. A judgment may appropriately be altered or amended under Rule 59(e) to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). The Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Indeed, the “remedy is so extraordinary that the standard under Rule 59(e) ‘favors denial of motions to alter or amend a judgment.’” *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-CV-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

Based on the record and the applicable law, the Court concludes that Petitioner has not satisfied the requirements of Rule 59(e). As an initial matter, when issuing the Permanent Injunction, the Court implicitly denied any claim for relief not included in the Permanent Injunction. The Court grounds explain the basis of that denial.

## I. Claim based on the Due Process Clause

Petitioner alleges that having initially detained him under Section 1231, and through which he obtained release on an order of supervision, Respondents cannot re-detain him under that provision without notice or other procedural protections. Petitioner brings this challenge under the Due Process Clause of the Fifth Amendment. As Petitioner is detained subject to a final order of removal, and 8 U.S.C. 1231 requires Respondents to detain such aliens, the Court considers Petitioner’s challenge under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

*Zadvydas* recognized a six-month period of post-removal-order detention as “presumptively reasonably” for purposes of the Due Process Clause. *Id.* at 701. Petitioner

acknowledges that "his renewed detention began on or about April 22, 2026[,]" (Motion to Amend, Doc. 22, 11), meaning that the six-month period has not elapsed. As a result, Petitioner fails to state a claim under *Zadvydas*. As Respondents acted within their authority under 8 U.S.C. § 1231(a) when re-detaining Petitioner, he fails to present a viable Due Process Clause challenge to his detention or re-detention.[1]

In addition, Petitioner identifies no statutory or regulatory provision requiring Respondents to follow specific procedural steps before re-detaining him under Section 1231, and the Court concludes that no constitutional principle imposes such a requirement.

## II. *Accardi* Claim

Petitioner alleges that the revocation of his order of supervision was done in excess of regulatory authority under 8 C.F.R. § 241.4(l), mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954).

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025). But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025). The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which also defeats Petitioner's *Accardi* claim.

## III. Miscellaneous Claims

Petitioner argues that his alleged non-receipt of Respondents' Motion to Dismiss (Doc. 11), Motion to Intervene (Doc. 12), and related exhibits constitutes a violation of his due process rights and is contrary to Federal Rule of Civil Procedure Rule 56. (Mot., Doc. 22, 5) Irrespective of whether Respondents properly served these documents, Petitioner acknowledges actual notice of the filings. (*See* Notice, Doc. 19) In any event, the Court denied Respondents' Motion to

[1] Petitioner references decisions by other courts concluding that an alien presented a viable *Zadvydas* claim before the six month period had elapsed. *See Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020); *Ndandu v. Noem*, 819 F. Supp. 3d 1155 (S.D. Cal. 2026). The Court respectfully disagrees with those decisions.

Dismiss, in which Respondents sought dismissal based on jurisdictional grounds. And Petitioner demonstrates no prejudice from permitting the United States of America to intervene. In addition, Petitioner had the opportunity to present his arguments in support of his requested relief and obtained some relief from the Court. And in his Motion, he fails to explain any argument he would have presented had he had additional time to file a brief. Based on this record, the Court concludes that Petitioner fails to present a viable claim under the Due Process Clause of the Fifth Amendment.

## IV. Conclusion

For these reasons, it is:

**ORDERED** that Petitioner Eden Marin Portillo's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e), or in the Alternative, for Relief From Judgment Under Rule 60(b); Motion to Reopen for Limited Briefing; and Renewed Request for Release Under Supervision or a Prompt Custody Hearing (Doc. 22) is **DENIED**.

Signed on July 2, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge